**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**IRIS MEYER,** *as Trustee of the*
*Iris Meyer Trust***,**

                            **Plaintiff,**          **REPORT AND**
                                                    **RECOMMENDATION**
      -against-

                                                     08-CV-5147 (JBW)

**RAFIK AHMAD and SHAREEF GENERAL**
**CONSTRUCTION, LLC,**

                              **Defendants.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       Plaintiff Iris Meyer ("plaintiff"), as Trustee of the Iris Meyer Trust ("the Trust"), commenced this diversity action on December 23, 2008, against defendants Rafik Ahmad ("Ahmad") and Shareef General Construction, LLC ("SGC") (collectively, "defendants"), alleging multiple torts to land. Both defendants failed to respond to this action in any way. In an order dated July 6, 2009, the Honorable Jack B. Weinstein referred the matter to the undersigned magistrate judge for a Report and Recommendation on whether plaintiff's motion for default judgment should be granted and, if so, for an inquest on damages. On October 1, 2009, this Court issued a Report and Recommendation that the District Court (1) grant a default judgment against defendant SGC and award plaintiff compensatory damages in the amount of $99,602.96, but (2) decline to enter a default against Ahmad, due to concerns regarding the adequacy of service on him. See Report and Recommendation (Oct. 1, 2009) ("10/1/09 R&R"), ECF Docket Entry ("D.E.") #26. No objections having been filed, Judge Weinstein adopted that Report and Recommendation on March 17, 2010, see Order (Mar. 17, 2010), D.E. #34, and judgment was entered against SGC only. See Default Judgment (Apr. 30, 2010),

D.E. #39. Meanwhile, after serving Ahmad through publication, plaintiff renewed her motion for default judgment against Ahmad on March 8, 2010. See Motion for Entry of Default (Mar. 8, 2010), D.E. #32.

For the reasons that follow, this Court concludes that proper service has now been effected and respectfully recommends that judgment for damages in the amount of $31,602.96 be entered against Ahmad.

## BACKGROUND

On December 31, 2004, Louis Meyer ("Mr. Meyer") deeded property located at 223-227 Beach 116th Street, Queens, New York ("Trust Property") to plaintiff Iris Meyer, his wife, as Trustee of the Trust. See Ex. A to Affidavit of Louis Meyer ("Meyer Aff."), D.E. #20-1. Since then, Mr. Meyer, acting on behalf of the Trust, has managed the property, which consists of land and a commercial building ("the Trust Building") leased to tenants. Meyer Aff. ¶ 1, D.E. #20. According to Mr. Meyer, tenants of the Trust Property notified him of damage caused to the building and their personal property by demolition and construction activity on an adjacent parcel ("Adjacent Parcel") in October 2007. Id. ¶ 2. At the time, the Adjacent Parcel, located at 231 Beach 116th Street, Queens, New York, was owned by defendant Ahmad. Complaint ("Compl.") ¶ 3, D.E. #1; Meyer Aff. Ex. B, D.E. #20-2.

Ahmad had, in October 2007, employed defendant SGC, an independent contractor, to perform demolition and construction services on the Adjacent Parcel. Compl. ¶¶ 12, 13. The contractor's activities caused a variety of serious impairments to the Trust Property, including, but not limited to: (1) the listing of the Trust Building northwards; (2) cracks in the Trust Building's interior wall, siding, patio, alley, and sidewalk floor; (3) damage to doors, an oil

tank, and oil lines; and (4) destruction of an air conditioner. Id. ¶ 15. In addition, defendants entered on the Trust Property, without permission, during the demolition and construction, id. ¶ 14, and installed bulkheads for Ahmad's basement foundation and other utility structures that intruded on the Trust Property. Id. ¶ 16.

On November 2, 2007, Mr. Meyer visited the site to assess the damage and, during the course of that assessment, spoke in person to defendant Rafik Ahmad's brother, Shareef Ahmad, of defendant SGC. Meyer Aff. ¶¶ 3, 4.[1] Despite an oral pledge that repairs would be made, construction continued without significant amelioration of the damage caused to the Trust Property. Id. ¶¶ 4, 5; Compl. ¶¶ 18, 19. While it appears that Shareef Ahmad ultimately fixed the oil tank and alley floor, Meyer Aff. ¶ 5, he did not remove the bulkheads and other materials intruding on the Trust Property, id.; see Compl. ¶ 18, and he replaced the concrete alleyway in such a manner as to cause rainwater to drain towards the Trust Property and further damage the Trust Building's foundation. Meyer Aff. ¶ 5; see Compl. ¶ 19.

## DISCUSSION

**I. General Legal Principles Pertaining to Default Judgments**

The decision whether to grant a default judgment is left to sound judicial discretion. See

---

[1] In an affidavit filed in connection with plaintiff's first motion for a default judgment, Mr. Meyer asserts that on several occasions on November 2, 2007, he spoke with "Mr. Ahmad," who agreed to "repair any damages . . . ." Meyer Aff. ¶ 4. Mr. Meyer's affidavit further alleges that Mr. Meyer confirmed these discussions with "Mr. Ahmad" by sending "him" a confirming letter and list of damaged items. Id. Both of those documents are addressed to "Mr. Shareef Ahmad, c/o Shareef Construction, LLC," with a courtesy copy to Rafik Ahmad. See id. Ex. D, E. Therefore, despite Mr. Meyer's misleading reference to "Mr. Ahmad," and the complaint's indiscriminate use of the word "defendants," see, e.g., Compl. ¶¶ 18, 19, the evidence establishes that Shareef Ahmad of SGC -- not defendant Rafik Ahmad -- made the commitment and repairs discussed therein.

Shah v. N.Y.S. Dep't of Civil Serv., 168 F.3d 610, 615 (2d. Cir. 1999); Briarpatch Ltd. v. Geisler Roberdeau, Inc., 513 F.Supp.2d 1, 3 (S.D.N.Y. 2007). In considering whether to enter a default judgment against an absentee party, the Court must first determine whether service of process has been properly effectuated upon the defaulting defendant and, second, whether the unchallenged facts alleged in the complaint state a legitimate cause of action. See, e.g., Kee v. Hasty, No. 01 Civ. 2123 (KMW) (DF), 2004 WL 807071, at *4 (S.D.N.Y. Apr. 14, 2004) (quoting 10A CHARLES WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 2682 (3d ed. 1998)).

Before moving for entry of a default judgment under Rule 55(b) of the Federal Rules of Civil Procedure, a party must first secure an "entry of default" from the Clerk of the Court under Rule 55(a). See Am. Alliance Co. v. Eagle Ins. Co., 92 F.3d 57, 59 (2d Cir. 1996); see also New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005) (Rule 55 provides a two-step process for obtaining a default judgment, of which the first step is obtaining the clerk's entry of default). In this case, the Clerk made an entry of default against Rafik Ahmad on March 22, 2010. See Clerk's Entry of Default as to Rafik Ahmad, D.E. #35.

## II. Sufficiency of Service

Plaintiff initially attempted to serve Rafik Ahmad pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, and section 308(2) of New York's Civil Practice Law and Rules, at two locations alleged to be Ahmad's actual places of business (to wit, the Adjacent Parcel and 105-20 Liberty Avenue in Ozone Park, New York), followed by first-class mailings to those locations. See Memorandum in Support (May 20, 2009) at 2-3 & n.1, D.E. #14-19 (citing Fed. R. Civ. P. 4(e)(1); N.Y. C.P.L.R. § 308(2)); see also Summons (Feb. 6, 2009),

D.E. #3; Summons (Apr. 1, 2009), D.E. #6. On the record presented, however, the Court could not find that either address was Rafik Ahmad's "actual place of business" at the time of service. See 10/1/09 R&R at 5. Accordingly, this Court recommended denying plaintiff's first motion for default judgment against Ahmad, see id. at 2, 4-5, and Judge Weinstein adopted the recommendations in full. See Order (Mar. 17, 2010), D.E. #34.

On October 28, 2009, plaintiff filed her first motion to serve Ahmad by publication. See Letter Motion for Service by Publication (Oct. 28, 2009), D.E. #27. Not satisfied that service by other methods was "impracticable," within the meaning of N.Y. C.P.L.R. § 308(5), the Court denied that initial motion, explaining that service by publication is a method of last resort, as it is "the method of notice least calculated to bring to a potential defendant's attention the pendency of judicial proceedings." Order (Nov. 9, 2009), D.E. #28 (quoting Boddie v. Connecticut, 401 U.S. 371, 382 (1971)). On November 20, 2009, plaintiff filed a second motion to serve Ahmad by publication, citing "numerous attempts to locate and serve Rafik Ahmad, including by internet, Acris, and other online searches, attempted service by process servers, and the hiring of an investigator." Affidavit of Barbara E. Olk ¶ 3, D.E. #29; see also Affidavit of Michael Henehan, D.E. #29-6. On November 23, 2009, this Court granted plaintiff's motion, concluding, based on plaintiff's most recent submissions, that Ahmad "likely already has notice of this action" and is "evading service." Order (Nov. 23, 2009), D.E. #30. Pursuant to N.Y. C.P.L.R. 316, notice of this action was published in The Wave, a newspaper published and distributed in Rockaway Beach, on December 11, 18, and 25, 2009, and January 1, 2010, and in Newsday on December 12, 19, and 26, 2009 and January 2, 2010. See Service by Publication (Jan. 18, 2010), D.E. #31.

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) (collecting cases). Plaintiff's publication of notice in The Wave and Newsday was "reasonably calculated," under the circumstances, to apprise Rafik Ahmad of this action. See id. at 317 (holding that, "in the case of persons missing or unknown, employment of an indirect and even a probably futile means of notification is all that the situation permits and creates no constitutional bar to a final decree foreclosing their rights."); S.E.C. v. Tome, 833 F.2d 1086, 1092 (2d Cir. 1986) ("Where the plaintiff can show that deliberate avoidance and obstruction by the defendants have made the giving of notice impossible, statutes and caselaw have allowed substitute notice . . . by publication in media."). Therefore, notice to Ahmad was legally sufficient.

**III. Sufficiency of the Pleadings**

Even after obtaining proper jurisdiction over a defendant through adequate service, a plaintiff seeking entry of a default judgment must set forth facts sufficient to state a legitimate cause of action. See Chanel, Inc. v. Schwartz, No. 06-CV-3371 (BMC)(JO), 2007 WL 4180615, at *3 (E.D.N.Y. Nov. 19, 2007); Agamede Ltd. v. Life Energy & Tech. Holdings, Inc., No. 04-CV-2985 (SMG), 2007 WL 201167, at *1 (E.D.N.Y. Jan. 23, 2007); see also 10A CHARLES WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 2688 (3d ed. 1998) ("Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit

mere conclusions of law.").

A sufficient pleading in federal court consists of "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). This rule requires more than a "formulaic recitation of the elements of a cause of action," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted); rather, a pleading must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citation omitted). In this connection, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Id. If the facts are well pled, the court assumes their veracity and determines whether such allegations "plausibly give rise to an entitlement to relief." Id. at 1950. Allegations in a complaint are not well pleaded for purposes of a default judgment "where they are contrary to uncontroverted material in the file for the case." Trans World Airlines, Inc. v. Hughes, 38 F.R.D. 499, 501 (S.D.N.Y.) (citations omitted). Consequently, on a motion for entry of a default judgment, factual allegations in a complaint "lose their conclusive effective if demonstrated to be false by the proof offered by the plaintiff." In re Wildlife Center, 102 B.R. 321, 325 (Bankr. E.D.N.Y. 1989).[2]

In challenging defendants' misconduct against the Trust Property, plaintiff asserts four causes of action: negligence, trespass, nuisance, and destruction of and interference with

---

[2] See *supra* note 1.

property. Compl. ¶¶ 21-40.³ The adequacy of the pleading for each cause of action is addressed in turn.

**A. Trespass**

Plaintiff has set forth facts sufficient to state a cause of action for trespass under New York law. "[W]here one, in making improvements on his own premises, . . . trespasses upon or injures his neighbor's property by casting material thereon, he is liable absolutely for the damage, irrespective of any question of care or negligence." Mairs v. The Manhattan Real Estate Ass'n, 89 N.Y. 498, 505 (1882); see also, e.g., Chi Wei Chan v. 2368 West 12th Street LLC, 884 N.Y.S.2d 834, 837 (Sup. Ct. Kings Co. 2009) ("An encroachment is a continuing trespass and an owner is liable for damages for an encroachment for the period they owned the property even if they did not create the encroachment.") (collecting cases).

Here, the complaint alleges that, on numerous occasions during demolition and construction on the Adjacent Property, defendants knowingly entered the Trust Property without plaintiff's permission. Compl. ¶ 14; see also Meyer Aff. ¶ 3. As evidence of these repeated intrusions, plaintiff points both to destruction of or damage to structures on the Trust Property and to defendants' installation of foreign materials on the Trust Property. Compl. ¶ 16; see also

---

³ Plaintiff's response to this Court's Order to Show Cause, dated April 12, 2010, D.E. #37, includes a theory of liability against Ahmad predicated on partial performance of an alleged agreement to make necessary repairs to the Trust Property. See Memorandum in Support (Apr. 16, 2010) ("4/16/10 Mem.") at 5, D.E. #38. As no such cause of action was asserted in the complaint, see generally Compl., it may not be considered as a basis for liability. In any event, had this cause of action been properly pled, the record reflects that any oral commitment was made by Shareef Ahmad of SGC, not Rafik Ahmad, the property owner at issue here. See *supra* note 1. As to the alleged partial performance, it also appears that the inadequate repairs were made by SGC, not Rafik Ahmad, and no evidence has been presented that those repairs were made at the direction of Rafik Ahmad. Meyer Aff. ¶ 4, Exs. D, E.

Meyer Aff. ¶ 3. Specifically, plaintiff complains that defendants placed steel bulkheads on the Trust Property to support Ahmad's new building, and erected lighting, wiring, and other electrical components that together constitute fixed encroachments on the Trust Property. Compl. ¶ 16. According to the complaint, defendants ignored repeated demands to remove these encroachments. Id. ¶ 18. Construing the pleading's various factual averments as true, the Court concludes that plaintiff has satisfied her obligations under Rule 8(a)(2) on the trespass claim against the property owner, Rafik Ahmad.

### B. Negligence

Although plaintiff satisfied the pleading requirements for negligence as to the independent contractor, SGC, see 10/1/09 R&R at 9-10, plaintiff has failed to adequately plead facts to support a cause of action for negligence as to the individual defendant, Rafik Ahmad. Rafik Ahmad is described in the complaint as the owner of the Adjacent Property, see Compl. ¶ 3, whereas SGC is the contractor "engaged in the business of demolition and construction," id. ¶ 7. The complaint further alleges that Rafik Ahmad hired SGC to perform demolition and construction and that such work began "at the direction or upon the instructions of Rafik Ahmad." Id. at ¶¶ 12, 13.

Under New York law, "[o]rdinarily, a principal is not liable for the acts of independent contractors in that, unlike the master-servant relationship, principals cannot control the manner in which the independent contractors' work is performed." Chainani v. Board of Educ. of N.Y., 87 N.Y.2d 370, 380-81 (1995); accord Burke v. Quick Lift, Inc., No. 05-CV-3731 (JFB)(WDW), 2008 WL 1744532, at *5 (E.D.N.Y Apr. 11, 2008) ("Under New York law, '[t]he general rule is that an employer who hires an independent contractor is not liable for the

independent contractor's negligent acts.'") (quoting Rosenberg v. Equitable Life Assurance Soc'y, 79 N.Y.2d 663, 668 (1992)); see Bologna v. Battisto, 235 N.Y.S.2d 819, 821 (Co. Ct. Albany Co. 1962) ("The general rule is that a party who engages with an independent contractor to do work is not responsible for the negligence of that contractor or his employees.") (citation omitted).

As no facts have been pled indicating that Rafik Ahmad was either negligent in his supervision of SGC or that he participated in any of the negligent construction, this Court issued an order to show cause as to why Rafik Ahmad should be held liable in the face of the aforesaid New York precedent. See Order to Show Cause (Apr. 12, 2010), D.E. #37. In response, plaintiff cited a single case, to wit, 419 Seventh Ave. Assocs., Ltd. v. Ghuneim, 882 N.Y.S.2d 718 (2d Dep't 2009). See 4/16/10 Mem. at 1-2. Plaintiff's reliance on Gunheim is misplaced, as nothing in that opinion alters the long-established legal principle that land owners ordinarily are not liable for the acts of independent contractors. In Gunheim, the Second Department affirmed summary judgment in favor of a defendant (an adjacent property owner) who had constructed a six-foot wall that the plaintiff alleged was a nuisance. See 882 N.Y.S.2d at 719. The Appellate Division declined to dismiss a negligent design and construction claim, reasoning that "the appellant did not address this cause of action on her motion, [and thus] she failed to make a prima facie showing of entitlement to summary judgment as to that cause of action." Id. Plaintiff alleges that this "refusal to dismiss" the negligent design and construction claim implicitly recognizes the validity of such a claim against a property owner, who "evident[ly]" did not construct the wall himself. See 4/16/10 Mem. at 2. However, plaintiff's factual assumption has no basis whatsoever in the opinion, which is totally silent as to who constructed

-10-

*or designed* the offending wall. That <u>Gunheim</u> has never been cited for the proposition advocated by plaintiff further confirms the fact that <u>Gunheim</u> was not intended to overrule the clear and consistent presumption under New York law that owners are not liable for the negligence of independent contractors.

As an alternative theory of negligence liability, plaintiff alleges that Rafik Ahmad provided negligent direction and instruction to SGC. <u>See</u> 4/16/10 Mem. at 2. However, plaintiff has again failed to allege facts sufficient to support such an inference. <u>See</u> <u>Iqbal</u>, 129 S.Ct. 1949 (holding that a pleading must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." ). In support of her negligent supervision theory, plaintiff merely cites the fact that SGC is alleged to have initiated demolition and construction "at the direction of or upon the instructions of Rafik Ahmad." 4/16/10 Mem. at 2. Nevertheless, as plaintiff acknowledges, it is standard practice for independent contractors to commence work at the behest of the property owner who hires them. <u>See</u> <u>id</u>. That Rafik Ahmad directed SCG to initiate demolition and construction does not, however, support the inference that he as owner supervised SCG and was negligent in doing so. On the contrary, the law is clear that owners ordinarily are not liable in such circumstances because "principals cannot control the manner in which the independent contractors' work is performed." <u>Chainani</u>, 87 N.Y.2d at 380-81; <u>see</u> cases cited *supra* pp. 9-10. Beyond plaintiff's insistence that Rafik Ahmad's negligent supervision may be inferred, there are no specific allegations or facts to support a finding of negligent supervision. Accordingly, plaintiff has failed to sufficiently plead negligence as to Rafik Ahmad.

### C. Nuisance

Plaintiff has also failed to adequately plead nuisance, at least to the extent that that cause of action covers damages not duplicative of those attributable to trespass. A private nuisance is "an interference with the use or enjoyment of land." Copart Indus., Inc. v. Consol. Edison Co. of N.Y., 394 N.Y.S.2d 169, 172 (1977). "To state a claim for private nuisance, a plaintiff must show that the conduct at issue 'is a legal cause of the invasion of the interest in the private use and enjoyment of land and such invasion is (1) intentional and unreasonable, (2) negligent or reckless, or (3) actionable under the rules governing liability for abnormally dangerous conditions or activities.'" Abbatiello v. Monsanto Co., 522 F.Supp.2d 524, 540 (S.D.N.Y. 2007) (quoting Copart, 394 N.Y.S.2d at 172).

Plaintiff's claims, as averred, identify two types of injuries: those flowing from defendants' physical trespass, and those that resulted from vibrations emanating from the Adjacent Property during demolition and construction. See Compl. ¶¶ 15-19; Affidavit of George Tucker Deming ("Deming Aff.") ¶ 8, D.E. #21. Although injuries resulting from a trespass may also constitute a nuisance, plaintiff may not recover duplicative damages for the same injury. See Indu Craft, Inc. v. Bank of Baroda, 47 F.3d 490, 497 (2d Cir. 1995) (holding that "a plaintiff seeking compensation for the same injury under different legal theories is of course entitled to only one recovery"); see also Microsoft Corp. v. Computer Care Center, Inc., No. 06-CV-1429 (SLT)(RLM), 2008 WL 4179653, at *9 (E.D.N.Y. Sept. 10, 2008). Therefore, plaintiff's nuisance claim based on trespass is of little if any legal consequence.

As to nuisance damages resulting from vibrations during construction, plaintiff alleges no facts establishing that these vibrations resulted from conduct attributable to Rafik Ahmad that was "(1) intentional and unreasonable, (2) negligent or reckless, or (3) actionable under the

rules governing liability for abnormally dangerous conditions or activities." Copart, 394 N.Y.S.2d at 172. The complaint does not allege or even imply that Rafik Ahmad acted with the intent to harm the Trust Property, see *infra* p. 13, or otherwise engaged in intentional and unreasonable conduct. Indeed, no facts averred in the complaint provide a basis for finding that the vibrations resulted from *any* action on the part of Rafik Ahmad. Nor does the complaint contain factual assertions sufficient to support a nuisance claim based on negligent or reckless conduct, because, as previously discussed, see *infra* pp. 9-11, SGC's negligence should not be imputed to the property owner. Lastly, no facts are alleged to support any claim that the construction activity constituted an abnormally dangerous condition or activity. See Doundoulakis v. Town of Hempstead, 42 N.Y.2d 440, 448 (1977). Accordingly, plaintiff's only well-pled nuisance claim is essentially duplicative of her trespass claim.

### D. Destruction of and Interference With Property

Plaintiff's fourth cause of action is not well pled. As an initial matter, it is unclear to the Court what legal theory of liability is even being alleged under the title "destruction of and interference with property." Compl. ¶¶ 37-40. To the extent that plaintiff intended to plead an intentional tort different and distinct from trespass, see id. ¶ 38, no facts have been proffered to support such a cause of action. See Acevedo v. Consol. Edison Co. of N.Y., 596 N.Y.S.2d 68, 70 (1st Dep't 1993) ("In order to constitute an intentional tort, the conduct must be engaged in with the desire to bring about the consequences of the act.") (quotation and citation omitted); accord RESTATEMENT (SECOND) OF TORTS § 8A (1965). Additionally, none of plaintiff's submissions provides any precedent supporting such a cause of action. See 4/16/10 Mem. Accordingly, plaintiff is not entitled to relief on the fourth claim.

## IV. Damages

The Court must next consider the appropriate measure of damages to be awarded plaintiff. By defaulting, a defendant admits to all well-pleaded factual allegations, except those pertaining to damages. See, e.g., Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Traffic Sports USA, Inc. v. Segura, No. 06-3360(RJD)(CLP), 2008 WL 4890164, at *5 (E.D.N.Y. Nov. 12, 2008). The Court must make a separate, reasoned determination of damages, which may, but need not, include a hearing. See Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989); see also J & J Sports Prods., Inc. v. Arhin, No. 07- 2875(SJ), 2009 WL 1044500, at *4 (E.D.N.Y. Apr. 17, 2009). In default cases, "where the plaintiff has filed reasonably detailed affidavits and a memorandum of law pertaining to the damages requested, and where the defendant has failed to make an appearance in the case, the Court can make an informed recommendation regarding damages without an evidentiary hearing." Traffic Sports, 2008 WL 4890164, at *5.

Plaintiff here asks that the judgment against SGC, in the amount of $99,602.96, be entered against Ahmad, on the ground that the "proof of damages with respect to Rafik Ahmad is identical to the proof previously submitted with respect to the other defendant . . . ." Affidavit in Support of Default Judgment ¶ 5, D.E. #32. In support of her first motion for default judgment, plaintiff filed an affidavit from licensed contractor George Deming, describing the damage to the Trust Property and containing expert estimates of the repair costs, see Deming Aff., along with a memorandum of law summarizing and tabulating those costs. See Memorandum in Support (July 21, 2009) at 4-7, D.E. #22. As only trespass (or trespass-related nuisance) has been adequately pled as to Rafik Ahmad, only those damages resulting

-14-

from plaintiff's trespass allegations are recoverable from Rafik Ahmad.[4]

This Court's prior Report and Recommendation addressed plaintiff's entitlement to trespass-related damages as follows:

> "In order to recover compensatory damages, the plaintiff must demonstrate that the damages complained of were proximately caused by the defendant's trespass." Dellaportas v. County of Putnam, 658 N.Y.S.2d 116, 117 (2d Dep't 1997); see also Integrative Nutrition, Inc. v. Academy of Healing Nutrition, 476 F.Supp.2d 291, 299 (S.D.N.Y. 2007). Most of the discrete cost estimates described by Deming arise from the trespassory actions of defendants on the Trust Property. These include: (1) removal of an improperly pitched concrete slab protruding onto the Trust Property, Deming Aff. ¶¶ 3-5; (2) remedial work on the siding and foundation of the Trust Building caused by water running off the slab, see Deming Aff. ¶¶ 6-7; (3) removal of flood lamps and security cameras protruding onto the Trust Property, see Deming Aff. ¶¶ 10-11; (4) removal by crane and cutting torch of bulkheads on the Trust Property, see Deming Aff. ¶¶ 12-13; (5) replacement of an air conditioner and air conditioning sleeve damaged by construction equipment, see Deming Aff. ¶¶ 14-15; and (6) repair to an alley door, sign, and roof, Affidavit of Barbara Olk ("Olk Aff."), Exs. C, D, D.E. #19-3, 19-4. These repair estimates total $31,602.96. See Pl.'s 7/21/09 Mem. at 7. Because each of the foregoing repairs has been discretely linked to an encroachment or unauthorized activities by defendants on the Trust Property, this Court recommends that plaintiff receive the total repair estimate of $31,602.96 in damages for trespass.

10/1/09 R&R at 11-12.

The above analysis applies with equal force to plaintiff's demand for trespass damages against Rafik Ahmad. Therefore, the Court recommends that plaintiff be awarded $31,602.96 in damages against Ahmad, jointly and severally with defendant SGC. See Recchia v. Nelson,

---

[4] For the reasons stated in this Court's previous Report and Recommendation, "plaintiff has not established the kind of aggravating factors that would warrant an award of punitive damages." 10/1/09 R&R at 14-15.

485 N.Y.S.2d 963, 965 (Sup. Ct. Rockland Co. Spec. Term 1985) (joint and several liability applies to joint tortfeasors in trespass action) (citing 2A WEINSTEIN-KORN-MILLER, NY CIVIL PRACTICE ¶ 1401.04).

## CONCLUSION

For the foregoing reasons, it is the recommendation of this Court that plaintiff's motion for default judgment be granted as to defendant Ahmad, awarding plaintiff compensatory damages in the amount of $31,602.96, jointly and severally with defendant SGC, and no punitive or other damages.

Any objections to the recommendations contained in this Report and Recommendation must be filed with the Honorable Judge Jack B. Weinstein on or before September 7, 2010. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to enter this Report and Recommendation into the ECF system. As defendant Rafik Ahmad has been evading service, and his current address is unknown, copies of this opinion will be mailed to him in care of his brother's company, SGC, as follows:

>Rafik Ahmad
>c/o Shareef General Construction
>106-05 Liberty Avenue
>Ozone Park, New York 11414
>
>Rafik Ahmad
>c/o Shareef General Construction
>105-20 Liberty Avenue
>Ozone Park, New York 11417
>
>Rafik Ahmad

c/o Shareef General Construction, LLC
231 Beach 116th Street
Far Rockaway, New York 11694

**SO ORDERED:**

**Dated:** **Brooklyn, New York**
**August 20, 2010**

            **ROANNE L. MANN**
             **UNITED STATES MAGISTRATE JUDGE**